**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 26 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

KENNETH BROWN,

      Petitioner - Appellant,

v.

DAYTON POPPEL,

      Respondent - Appellee.

No. 02-7035
(No. 01-CV-321-S)
(E.D. Oklahoma)

ORDER AND JUDGMENT    *

Before **EBEL** , **LUCERO** , and **O'BRIEN** , Circuit Judges.

      Pro se petitioner Kenneth Brown, an Oklahoma state prisoner, seeks to appeal the district court's dismissal of his 28 U.S.C. § 2254 petition for a writ of habeas corpus as time-barred.

      We have reviewed the record on appeal and conclude that the district court did not fully explore whether Brown was entitled to equitable tolling of the one-year period of limitations imposed by the Antiterrorism and Effective Death

---

    *   The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The Court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Penalty Act of 1996, 28 U.S.C. § 2244(d)(1). On remand, the district court should consider whether the refiling of Brown's habeas petition prior to the Supreme Court's decision in Duncan v. Walker, 533 U.S. 167 (2001), merits the application of equitable tolling to his case. See Hall v. Scott, No. 01-7156, 2002 U.S. App. LEXIS 11389, at *9–*10 (10th Cir. June 12, 2002). In addition, the district court should apply the "prisoner's mailbox rule" in determining the dates Brown's habeas petitions were filed with the court. See id. at *2 n.1.

Having concluded that Brown has made a substantial showing of the denial of a constitutional right, his application for a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is **GRANTED**, the district court's dismissal of his petition for a writ of habeas corpus as time-barred is **REVERSED**, and this matter is **REMANDED** for reconsideration of whether equitable tolling is warranted. Brown's motion to proceed in forma pauperis is **GRANTED**.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

-2-